EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> María del Carmen Mulero Fernández | 2008 TSPR 111 <br><br> 174 DPR _____ |

Número del Caso: CP-2005-23

Fecha: 20 de junio de 2008

Abogado de la Peticionaria:

> Lcdo. Carlos Mondríguez Torres

Oficina del Procurador General:

> Lcda. Minnie H. Rodríguez López
> Procuradora General Auxiliar

Conducta Profesional:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

María del Carmen Mulero
Fernández                          CP-2005-23

PER CURIAM

San Juan, Puerto Rico, a 20 de junio de 2008

La licenciada María del Carmen Mulero Fernández fue admitida al ejercicio de la abogacía el 30 de enero de 2001 y al ejercicio del notariado el 16 de abril de 2003. Contra ella se presentó una queja juramentada ante este Tribunal a la que dimos curso, por lo que en estos momentos tenemos que determinar si ésta infringió los Cánones 18, 19, 21 y 38 de Ética Profesional, 4 L.P.R.A. Ap. IX, al no presentar una demanda de daños y perjuicios permitiendo que el término prescriptivo para instarla transcurriera.

**I**

**A.**

El 4 de enero de 2005 la señora Isabel Pérez

Fernández (la señora Pérez o la querellante) presentó una queja juramentada ante este Tribunal contra la licenciada Mulero Fernández (la licenciada Mulero o la querellada). En síntesis, expuso que había contratado a la licenciada Mulero para que instara una reclamación civil en daños y perjuicios contra el señor Antonio Vázquez Laracuente, por unos incidentes acaecidos en su lugar de empleo el 11 de septiembre de 2004. Incidente, por el que fue acusado y hallado culpable de agresión. La señora Pérez nos informó que la licenciada Mulero no presentó la demanda y su causa de acción prescribió.

Recibida la queja referimos el asunto al Procurador General para investigación e informe. Una vez recibimos el informe, le ordenamos al Procurador que presentara querella contra la licenciada Mulero. En la querella presentada, el Procurador le formuló cuatro cargos por violaciones a los Cánones 18, 19, 21 y 38 de Ética Profesional.[1]

---

[1] El Procurador General presentó los siguientes cargos:

PRIMER CARGO
    La licenciada María del Carmen Mulero Fernández violentó los principios enunciados en el Canon 18 de los Ética Profesional, 4 L.P.R.A. Ap. iX C. 18, al no ejercer el cuidado y diligencia necesarios en la encomienda dada por su cliente al no presentar la demanda acordada dentro del término para ello, permitiendo de esta manera que su cliente perdiera cualquier derecho que tuviera.

SEGUNDO CARGO
    La licenciada Mulero Fernández violentó los postulados contenidos en el Canon 19 de Ética Profesional, supra, al no consultar con su cliente su decisión de no llevar el caso cuando previamente había acordado presentar una demanda. Ello

La licenciada Mulero Fernández presentó oportuna contestación a la querella presentada. En su contestación rechazó haber infringido canon ético alguno y negó los hechos relatados en la querella. Aseveró en su defensa, que la querellante la visitó para auscultar la posibilidad de demandar no tan solo al señor Vázquez Laracuente sino también a su patrono por discrimen en el empleo. Indicó que ella la orientó sobre sus derechos y sobre la necesidad de actuar con premura. Señaló también que la querellante le instruyó a no presentar ninguna demanda hasta que ésta supiera con certeza si se le renovaría su contrato de trabajo. Informó en su escrito que no fue sino hasta finales de junio que la señora Pérez Fernández le indicó que procediera a reclamarle

_____

conllevó que su cliente quedara desprovista de la acción civil acordada previamente.

TERCER CARGO
La licenciada Mulero Fernández violentó los postulados del Canon 21 de Ética Profesional, supra, al no informar a su cliente que el abogado que representó al señor Vázquez Laracuente en el caso criminal de agresión contra ésta era el hijo de uno de los socios del bufete donde trabajaba y tenía sus oficinas en dicho lugar. Información sumamente importante para su cliente, la señora Pérez Fernández, ya que era a dicha persona, o sea, al señor Vázquez Laracuente, a quién ella interesaba demandar. Todo abogado debe evitar cualquier conflicto de interés o apariencia de la existencia de éste y no debe aceptar la representación legal de una parte cuando su juicio profesional pueda verse afectado por sus intereses personales.

CUARTO CARGO
La licencia Mulero Fernández, en la relación de hechos a que se le relaciona la presente Querella, violentó los parámetros enunciados en el Canon 38 de Ética Profesional, supra, que requiere de todo abogado el deber de evitar la apariencia de conflicto o conducta profesional impropia.

únicamente al señor Vázquez, pues le habían renovado el contrato de trabajo. Señaló que la señora Pérez fue quien tomó la decisión de reclamar en el tribunal federal para lo cual ella le solicitó que obtuviese la dirección de Vázquez Laracuente, quien residía en Tejas, lo que ésta no hizo como tampoco le proveyó información sobre los daños sufridos.

Añadió que en varias ocasiones durante los meses de julio y agosto trató sin éxito de comunicarse con la querellante para que le supliera la información que le había solicitado de suerte que se pudiera presentar la demanda en daños y perjuicios. La licenciada Mulero indicó que la señora Pérez nunca le proveyó la información solicitada por lo que, para finales de agosto, trató de comunicarse nuevamente con ésta para explicarle la urgencia de que se le entregase la información solicitada habida cuenta que el término prescriptivo para reclamar vencía a principios del mes de septiembre. A base de lo anterior, nos indicó que actuó de forma diligente y que no incurrió en violación a los Cánones 18, 19, 21 y 38 de Ética Profesional.

Respecto a la alegación de que infringió el Canon 21 nos informó, específicamente, que ella advino en conocimiento de que el licenciado Michel Rachid Fournier había sido el abogado del señor Vázquez Laracuente poco antes de que la querellante la llamase, cuando el propio licenciado Rachid así se lo indicó, por lo que cuando aceptó representarla no conocía ese dato. Una vez la señora Pérez la llamó para comunicarle de su encuentro con el licenciado Rachid al salir

de la oficina de la querellada, la licenciada Mulero le informó que éste no trabajaba en el bufete junto a ella, que era el hijo de uno de los socios del bufete y que sólo utilizaba un espacio en el mismo. Indicó en su escrito que explicado el asunto la señora Pérez no mostró mayor objeción. La querellada entiende que, a su juicio, esta situación no configura una violación al Canon 21 de Ética Profesional.

Así las cosas, nombramos al licenciado Antonio J. Negroni Cintrón, ex juez del Tribunal de Apelaciones, como Comisionado Especial para que recibiera la prueba correspondiente y rindiera un informe con las determinaciones de hecho y las recomendaciones correspondientes. Celebrada la vista evidenciaria, el 19 de junio de 2007, el Comisionado Especial nos rindió un extenso informe. En el mismo, concluyó que la licenciada Mulero Fernández en efecto incurrió en violaciones a los Cánones 18, 19, 21 y 38 de Ética Profesional, y recomendó, como acción correctiva, "una suspensión de corto plazo", por entender que existían varios atenuantes a su conducta.

La querellada, esta vez a través de representación legal, replicó al informe del Comisionado Especial. En su comparecencia esgrimió fundamentalmente los mismos argumentos esbozados en su contestación a la querella y cuestionó las adjudicaciones de credibilidad del Comisionado Especial. Sostuvo que la querellada actuó con diligencia y competencia y que "la falta de cooperación, actitud y la dejadez de la

querellante, incidió en el resultado del caso…." El caso quedó entonces sometido ante nuestra atención.

Previo a analizar con especificidad los cargos imputados, veamos algunas de las conclusiones de hechos que surgen del informe que nos sometiera el Comisionado Especial que completan el cuadro fáctico de este caso.

**B.**

La querellante es de nacionalidad dominicana y laboraba como guardia de seguridad en la Academia Bautista (la Academia) en Puerto Nuevo, desde 2001. En septiembre de 2003, se vio involucrada en un incidente con el señor Vázquez Laracuente, padre de dos estudiantes de la escuela. Durante el incidente, el señor Vázquez la empujó por una escalera, provocándole daños a su espalda. Como resultado de ello, el señor Vázquez Laracuente fue procesado criminalmente y hallado culpable de agresión en la modalidad menos grave y se le condenó a pagar una multa de $100. La querellante se reportó a la Corporación del Fondo de Seguro del Estado y aquí se le confirió una incapacidad de 5%.

A raíz del incidente, la querellante fue referida a la licenciada Mulero por una compañera de trabajo para auscultar la posibilidad de instar una reclamación judicial. El 7 de febrero de 2004 se reunió por primera vez con la abogada en las oficinas legales donde ésta laboraba, el bufete Latimer, Biaggi, Rachid y Godreau. Durante la entrevista, la querellante le brindó a la querellada sus datos personales incluyendo su dirección y los teléfonos de su residencia y

del trabajo. Las partes no suscribieron un contrato ya que el acuerdo fue verbal. Los honorarios de la licenciada Mulero Fernández serían contingentes y la querellante asumiría los costes de la tramitación del pleito.

En esa reunión, la querellante le entregó varios documentos a la querellada relacionados con el caso penal ventilado contra el señor Vázquez. La licenciada Mulero le solicitó documentos adicionales a los entregados relacionados a los daños sufridos. La querellante le entregó $50 como pago por la entrevista inicial.

La señora Pérez le informó a la licenciada Mulero que desconocía la dirección del señor Vázquez Laracuente quien residía en Estados Unidos. El Comisionado Especial concluyó que la responsabilidad de obtener la dirección de Vázquez Laracuente la asumió, en esa primera reunión, la licenciada Mulero y que posteriormente, en el mes de junio, al confrontar dificultades en la obtención de la misma, solicitó de la querellante que ella la obtuviera.

Durante la entrevista inicial se discutió también la posibilidad de instar una reclamación laboral contra la Academia por discrimen en el empleo. Ello, ante las alegaciones de la querellante de sentirse discriminada por su patrono.

El Comisionado Especial determinó que la prueba testifical permitía concluir que la querellante interesaba no tan solo instar una reclamación en daños y perjuicios contra el señor Vázquez Laracuente sino también instar una demanda

laboral por discrimen en el empleo. El Comisionado concluyó que la querellante no le indicó a la licenciada Mulero que pospusiera la presentación de la acción contra el señor Vázquez Laracuente hasta tanto se evaluara plenamente la posible acción de discrimen contra la Academia. Por el contrario, el Comisionado concluyó, "que esa decisión la tomó la querellada y que ésta dilató la presentación de la acción contra el señor Vázquez Laracuente, en gran medida por demandar a la Academia." Además, el Comisionado concluyó que en junio de 2004 la señora Pérez le informó **específicamente** a la licenciada Mulero que no interesaba demandar a la Academia y que sólo le reclamaría judicialmente al señor Vázquez.

Durante el mes de abril de 2004, la querellante acudió a la oficina de la licenciada Mulero Fernández para entregarle cierta documentación. A su salida de la oficina, en el pasillo, se topó por primera vez con el licenciado Michael Rachid Fournier, quien había sido el abogado del señor Vázquez Laracuente en el proceso penal. Inmediatamente llamó a la querellante informándole del incidente. La licenciada Mulero le informó que el licenciado Rachid Fournier era el hijo de uno de los socios del bufete donde ella trabajaba, pero que no trabajaba para el bufete. Ante esta información, la querellante le preguntó si ello suponía un conflicto de intereses y la licenciada Mulero contestó en la negativa. El Comisionado conluyó en su informe que el licenciado Rachid Fournier utilizaba un espacio en el bufete de su padre, más no era empleado del mismo.

Como indicamos, en junio de 2004, la querellante y la querellada conversaron telefónicamente y la primera le indicó a la querellada que no quería demandar a la Academia pues había sido contratada nuevamente. Le expresó que sólo interesaba demandar al señor Vázquez. En ese momento, la licenciada Mulero le solicitó que consiguiera la dirección de Vázquez y que le trajera evidencia de los daños que hubiera sufrido pues como se iba a presentar una demanda en el tribunal federal, éstos debían rebasar la cuantía jurisdiccional de $75,000. Le indicó que debía obtener también ciertos documentos de la Corporación del Fondo del Seguro del Estado y le solicitó $150 para cubrir los gastos de presentación de la demanda en el tribunal federal.

Las partes no se comunicaron más hasta el 31 de agosto de 2004, cuando la querellante le llevó el cheque de $150 a la oficina de la licenciada Mulero. Esta última no se encontraba y a su llegada llamó a la querellante inquiriendo sobre el por qué no le había traído los documentos que le había solicitado. Durante la conversación telefónica, la abogada le indicó a la querellante que necesitaba el resto de la documentación y que restaba muy poco para que prescribiera su caso. El término para instar la demanda vencía el 13 de septiembre de 2004.

La licenciada Mulero trató de comunicarse telefónicamente con la querellante los días 9 y 10 de septiembre sin éxito. Le dejó un mensaje grabado de voz explicándole la gravedad de la situación toda vez que tenían

hasta el 13 de septiembre para presentar la demanda pues de lo contrario prescribía el caso. Le dijo que no tenía la información que le había solicitado y que sin ella no podía proceder judicialmente. La querellante escuchó el mensaje el 13 de septiembre y procedió a comunicarse con su abogada. En ese momento, la licenciada Mulero le informó que había transcurrido el término para presentar la demanda. Posteriormente, le cursó una breve carta explicativa y le devolvió el cheque de $150 que no había sido cobrado.

La licenciada Mulero Fernández testificó en la vista que fue admitida al ejercicio de la abogacía en 2001 y en ese momento comenzó a laborar en el despacho legal del licenciado Carlos Mondríguez, donde practicó derecho laboral por varios meses. En febrero de 2003 comenzó a trabajar en el departamento de ejecución de hipotecas del bufete Latimer, Biaggi, Rachid y Godreau.

La querellante testificó, que su experiencia como abogada litigante para febrero de 2004 era muy poca, pues principalmente se dedicaba a casos de ejecución de hipoteca. Indicó además, que no fue sino hasta el verano de 2004 que fue admitida a postular en el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico. Indicó también, que su relación profesional con el bufete le permitía atender sus casos pudiendo utilizar para ello las facilidades del bufete.

A base de estos hechos, el Comisionado Especial concluyó que los cargos quedaron probados.

**II**

La abogacía cumple una función social de notable importancia por su aportación imprescindible a la realización de la Justicia. Quienes tienen el privilegio de ser miembros de tan exalta cofradía, tienen una responsabilidad ineludible de actuar siempre acorde a los más rigurosos principios éticos. Esta profesión es mucho más que un medio de ganar la vida; es, "[f]undamentalmente[,] . . . uno de los medios más elevados de ennoblecerla sirviendo a la Humanidad." Soto Nieto, F., *Compromiso de Justicia*, Editorial Montecorvo, S.A., Madrid, 1977, pág. 201.

Como el propio vocablo indica, el abogado es requerido para que preste auxilio a quien llama a la puerta de su despacho por existir un drama que le desborda y una preocupación que le corroe y que le compele a formular un reclamo ante los tribunales, o a defenderse en ese mismo terreno. Allí está el abogado para con su palabra, con su gesto y con su ciencia, abrir esperanzadas trochas en las situaciones más opresivas y atormentadoras.

Los Cánones de Ética Profesional tienen como objetivo propiciar que los abogados, en este devenir, se desempeñen profesional y personalmente, acorde con los más ilustrados principios éticos y morales, para beneficio del propio cliente, la profesión en general, la ciudadanía y las instituciones de justicia del país. *In re Pujol Thompson*, res. 19 de junio de 2006, 171 D.P.R. ___, 2007 T.S.P.R. 129; *In re Izquierdo Stella*, 154 D.P.R. 732 (2001). Como

oficiales del Tribunal, los abogados tienen una función revestida de gran interés público que genera obligaciones y responsabilidades para con sus clientes así como con el tribunal en la administración de la justicia. *In re Meléndez La Fontaine*, res. 9 de febrero de 2006, 166 D.P.R. ___, 2006 T.S.P.R. 22.

### III

### A

Reiteradamente hemos expresado que el Canon 18 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX, le impone a todo abogado el deber de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. *In re Hoffman Mouriño,* res. 7 de junio de 2007, 171 D.P.R. ___, 2007 T.S.P.R. 115. Este deber se infringe cuando se asume una representación legal consciente de que no puede rendir una labor idónea, competente o que no puede prepararse adecuadamente para el caso sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. *In re Meléndez Figueroa*, res. 15 de noviembre de 2005, 166 D.P.R. ___, 2005 T.S.P.R. 177; *In re Marini Román*, res. 6 de octubre de 2005, 165 D.P.R. ___, 2005 T.S.P.R. 148; *In re Collazo Maldonado*, 159 D.P.R. 141, (2003).

Todo miembro de la profesión legal tiene el ineludible deber de defender los intereses de su cliente con el compromiso de emplear la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. *In re Meléndez La Fontaine, ante*; *In re Meléndez Figueroa, ante.* El cliente confía que en la tarea de guiar sus causas, el abogado habrá de desplegar sensibilidad, eficiencia y pericia. *In re León Malavé*, res. 17 de enero de 2008, 173 D.P.R. \_\_\_, 2008 T.S.P.R. 27.

Así también hemos sostenido sin ambages, que aquella actuación negligente que pueda conllevar o en efecto conlleve la desestimación o archivo de un caso o la pérdida del derecho a reclamar judicialmente, se configura violatoria del Canon 18. *In re Hoffman Mouriño, ante*; *In re Guadalupe Díaz*, 155 D.P.R. 135, 154-155 (2001). Y así debe ser pues el deber de diligencia profesional del abogado es del todo incompatible con la desidia, despreocupación y displicencia. *In re Padilla Pérez*, 135 D.P.R. 770, 776 (1994).

**B**

De otra parte, el Canon 19 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 19 le impone a todo abogado el deber inexcusable de mantener informado a su cliente de todo asunto importante que surja en el trámite de su caso. *In re León Rodríguez*, res. 11 de febrero de 2008, 173 D.P.R. \_\_\_, 2008 T.S.P.R. 41. Dicha obligación constituye un elemento imprescindible en la relación fiduciaria que caracteriza el

vínculo abogado-cliente. *In re García Muñoz*, res. 3 de abril de 2007, 170 D.P.R. \_\_\_, 2007 T.S.P.R. 90; *In re Criado Vázquez*, 155 D.P.R. 436, 456 (2001), *In re Flores Ayffán*, 150 D.P.R. 907 (2000).

Como vemos, además de ser diligente en la tramitación de una causa, el abogado debe mantener informado a su representado de todas las incidencias importantes del caso. El Canon 19, establece este deber de los abogados al margen del deber de diligencia, por lo que se configura como una obligación ética independiente. Véase, *In re Hernández Pérez*, 25 de septiembre de 2006, 169 D.P.R. \_\_\_, 2006 T.S.P.R. 174.

Esta obligación comprende mantener informado al cliente de las gestiones realizadas y del desarrollo de éstas, consultar las cuestiones que no estén dentro ámbito discrecional de la representación legal y cumplir con las instrucciones de los representados. *In re Acosta Grubb*, *ante*. Es por ello que hemos dispuesto que se viola el Canon 19 cuando no se atienden los reclamos de información del cliente, no se le informa del resultado adverso de la gestión encargada, la acción se desestima o se archiva, no se mantiene al cliente al tanto del estado o la situación procesal del caso, o simplemente se niega al cliente información del caso. *Véase In re Vélez Valentín*, 124 D.P.R. 403 (1989); *Colón Prieto v. Géigel*, 115 D.P.R. 755 (1984); *In re Acevedo Álvarez,* 143 D.P.R. 293 (1995).

Pasemos entonces a evaluar los hechos de esta controversia y los cargos bajo el Canon 18 y 19 imputados para determinar si existe prueba clara, robusta y convincente que nos permita determinar su infracción. *In re Pérez Rodríguez, ante; In re Caratini Alvarado*, 153 D.P.R. 575 (2001).

**C**

Al igual que el Comisionado Especial, somos del criterio que la prueba presentada demuestra una falta de diligencia y cuidado de parte de la licenciada Mulero para con su cliente, que se configura en violaciones a los Cánones 18 y 19 de Ética Profesional. Esta falta de diligencia contribuyó a que no se presentara la demanda en daños y perjuicios en término, prescribiendo el derecho de la querellante a reclamar.

La licenciada Mulero aceptó representar a la señora Pérez en su reclamación en febrero de 2004. No obstante, pospuso la presentación de la demanda en espera que se le informara sobre la causa de acción por discrimen. El resultado de ello fue que se dilató tanto el proceso de obtención de información que no se pudo presentar la demanda. Durante este tiempo la comunicación entre la abogada y su clienta fue mínima. La licenciada Mulero nunca le comunicó por escrito a la señora Pérez el calendario de trabajo y la importancia que le supliera la información requerida. La licenciada Mulero fue claramente negligente en el trámite de la encomienda recibida.

La razón principal esbozada por la licenciada Mulero para la tardanza en presentar la demanda fue que la señora Pérez no le suplió la dirección del señor Vázquez así como tampoco le entregó evidencia de sus daños los cuales tenían que ascender a más de $75,000, toda vez que se había tomado la determinación de reclamar en el foro federal. Lo cierto es que la licenciada Mulero asumió desde el inicio la obligación de obtener la dirección del señor Vázquez Laracuente y fue luego de confrontar problemas en obtenerla, que traspasó la responsabilidad a la querellante. En ese periodo transcurrieron cuatro meses sin que nada se hiciera. Ello denota falta de conocimiento y experiencia de parte de la querellada, además de que ésta carecía de medios para obtener la dirección. A todas luces, la querellada asumió una responsabilidad para la cual no estaba preparada. Ello no obstante, no podemos pasar por alto que la querellante no cooperó con su abogada, y se mostró, en ocasiones, displicente para con los requerimientos que le había formulado su abogada. Con lo cual, somos del criterio que la dejadez de la clienta contribuyó a que no se presentara en tiempo la demanda.

Por otro lado, llama la atención que desde el inicio la licenciada Mulero se enfocó en presentar su reclamación en el tribunal federal a pesar que al momento de ser contratada no estaba admitida a practicar en dicho foro. No fue sino hasta cuatro meses después de haber asumido la representación legal de la señora Pérez que fue admitida a ejercer como abogada en

el foro federal. Ciertamente es inapropiado aceptar una representación legal de una persona para instar un pleito en un foro al cual no se está admitido.

De los hechos probados se desprende la inexperiencia de la licenciada Mulero como abogada litigante, muy en particular en el foro federal, lo que sin duda abonó a los desaciertos por ella incurridos. El Comisionado asevera en su informe:

> Ejemplo de lo anterior fue el hecho de que se comprometió ella a obtener la dirección del señor Vázquez y una vez confrontó serios problemas para obtenla le traspasó la responsabilidad a la señora Pérez. Confrontada con los problemas respecto a la cuantía de los daños y el requisito jurisdiccional de cuantía para entablar una reclamación en el foro federal, la licenciada Mulero no auscultó la posibilidad de instar la reclamación en el Tribunal de Primera Instancia, conforme autoriza la Regla 3.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III. De haberlo hecho, hubiera interrumpido el término prescriptivo.

Así, faltando sólo días para que prescribiera la acción la querellada intentó comunicarse con su cliente llamándola a su teléfono móvil, para inquirirle sobre la información que le faltaba para instar la demanda. En ningún momento antes se comunicó con su clienta por escrito para explicarle lo que sucedía y la urgencia de la situación, a pesar de tener las direcciones de trabajo y residencia de su cliente. Tampoco, intentó llamarla a uno de los dos teléfonos adicionales que la querellante le había provisto durante la entrevista inicial. Lo cierto es que la querellada se desatendió de las encomiendas que le había dado a su cliente hasta muy tarde.

El Comisionado Especial, indica lo siguiente sobre las deficiencias de la licenciada Mulero en el trámite del caso de la señora Pérez:

> Como consecuencia de las actuaciones descuidadas anteriores y aunque la querellante estuviera justificada a no presentar la demanda contra el señor Vázquez Laracuente en el Tribunal Federal porque la querellante no le produjo los documentos y la información que le solicitó, la querellada impidió que ésta pudiera contratar a tiempo otra representación legal. A juicio del que suscribe, la querellante no ofreció explicación razonable y creíble alguna que justifique por qué espero hasta el último momento para notificarle a la querellante que no presentaría la demanda contra el señor Vázquez Laracuente. Este proceder no le permitió a la querellante consultar a otro abogado para verificar el criterio jurídico que adujo la querellada para no presentar la demanda, sin los alegados documentos e información que la querellada alegaba que necesitaba, y evitar que no prescribiera la acción.

No hay duda, a base de los hechos reseñados, que la licenciada Mulero no tenía la experiencia ni el conocimiento necesario para cumplir con la gestión que le fue encomendada. Toda abogada y abogado debe saber, no importa sus años de experiencia, que si carece de los conocimientos necesarios para llevar a cabo una gestión legal de forma capaz, no se puede asumir esa encomienda. Queda claro entonces las actuaciones y omisiones de la licenciada Mulero Fernández constituyeron una violación a los Cánones 18 y 19 de Ética Profesional.

Pasemos ahora a discutir la alegada violación a los Cánones 21 y 38 de Ética Profesional el cual el Comisionado Especial también encontró probado.

**IV**

**A**

El Canon 21 de Ética Profesional le exige a todo abogado la más completa lealtad para con su cliente. En tal rigor, el abogado viene obligado a divulgar a sus clientes las circunstancias relativas a las partes y a terceras personas, así como también cualquier interés en la controversia que pudiera influir en el cliente al seleccionar éste su consejero legal. *In re Pérez Rodríguez*, res. 7 de diciembre de 2007, 172 D.P.R. ___, 2007 TSPR 217.

El Canon pretende evitar aquella conducta profesional que pueda minar el principio cardinal de confianza que subyace necesariamente la relación fiduciaria de abogado cliente. *In re Avilés*, 157 D.P.R. 867, 882 (2002). Este canon sin duda armoniza con la obligación fundamental de todo abogado de luchar para que toda persona tenga acceso a una representación capacitada, íntegra y diligente. La consecución de estos logros no admite duda ni ambigüedad en la gestión profesional. *In re Rodríguez Torres, supra*, pág. 765.

Por su parte, el Canon 38 de Ética Profesional exige del abogado que en todo momento actúe para preservar el honor y la dignidad de la profesión. El Canon manda a "esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia." Canon 38 de Ética

Profesional. Hemos señalado que infringir este precepto resulta nocivo al respeto que la ciudadanía deposita en las instituciones de justicia y la confianza que los clientes depositan en sus abogados. *In re Pérez Rodríguez*, *supra*.

**B**

Según los hechos determinados por el Comisionado Especial al momento de la licenciada Mulero aceptar la representación de la señora Pérez en febrero de 2004, ésta no tenía conocimiento de que el licenciado Rachid había sido el abogado del señor Vázquez Laracuente en el proceso penal que se llevó en su contra, como consecuencia de su altercado con la señora Pérez. Igualmente, el Comisionado concluyó que el licenciado Rachid Fournier, hijo de uno de los socios del bufete donde laboraba la licenciada Mulero, no era socio o empleado del bufete y solamente ocupaba provisionalmente un lugar en sus oficinas, en lo que se ubicaba en una oficina propia. Concluyó además que desfiló prueba de que el licenciado Rachid Fournier no representaba casos que pertenecían al bufete.

Como ya señalamos, en abril de 2004 la licenciada Mulero advino en conocimiento de la gestión profesional previa del licenciado Rachid Fournier. Hecho que le fue comunicado tanto por el propio licenciado Rachid como por la querellante. A base de lo anterior, el Comisionado concluyó que una vez la querellada advino en conocimiento de este hecho debió renunciar inmediatamente a la representación de la señora Pérez por configurar "una seria apariencia de

conflicto de lealtad." El Comisionado entiende que la licenciada Mulero tenía un "claro interés personal [su empleo en el bufete] que podía afectarse, sino perder, por el resultado de la acción contra el señor Vázquez Laracuente", pues su abogado era hijo de un socio del bufete y estaba ubicado físicamente en el bufete. A base de lo anterior concluyó que incurrió en una violación al Canon 21, así como también creó la apariencia de conducta impropia y de conflicto de lealtad por lo que violó también el Canon 38.

Sobre este particular debemos significar que no compartimos el criterio del Comisionado Especial en cuanto al Canon 21. Del récord del caso queda claro que entre el licenciado Rachid Fournier y el bufete donde laboraba la licenciada Mulero no existía relación profesional alguna. Aunque sí, una de carácter familiar pues por ser él hijo de uno de los socios del bufete se le permitía utilizar provisionalmente las facilidades del bufete mientras ubicaba sus propias oficinas en otro lugar. Este hecho, sin mas, no es suficiente para configurar una violación al Canon 21 que obligase a la licenciada Mulero a renunciar a la representación legal de la querellante. Adviértase que este hecho le fue informado en estos términos a la señora Pérez y ésta quedó satisfecha con la explicación ofrecida.

Queda claro también del récord que la licenciada Mulero podía atender casos por su cuenta en virtud de la relación de trabajo que ella había establecido con el bufete. Como también queda claro que al momento de asumir la

representación legal de la querellante, la licenciada Mulero desconocía que el licenciado Rachid Fournier había sido abogado del señor Vázquez en un proceso penal. A nuestro juicio, y a la luz de estos hechos no se configuró una violación al Canon 21 de Ética Profesional.

No podemos inferir, como intima el Comisionado, que la licenciada Mulero no haría bien su trabajo por temor a perder su empleo si prevalecía en un caso donde el demandado había sido cliente, en un pleito criminal, de un hijo de uno de los socios del bufete. No compartimos el criterio que este hecho configuraba una violación ética por cuanto su buen juicio profesional quedaba afectado por sus intereses personales. Nada hay en el récord que nos permita validar esa suposición.

El hecho que el hijo de uno de los socios fuese abogado, en un proceso penal ya concluido, de la persona a la que la licenciada Mulero pretendía demandar, no constituye una violación al Canon 21. Los claros errores en la tramitación de la reclamación de la señora Pérez por parte de la licenciada Mulero se debieron a la evidente falta de experiencia y diligencia de ésta, quien no debió haber aceptado la representación legal pues no estaba preparada para cumplir adecuadamente con su obligación para con su clienta.

Concluimos además que no se configuró tampoco una violación al Canon 38 de Ética profesional.

Nos resta determinar cuál debe ser la sanción a imponer.

**V**

Al determinar la sanción disciplinaria que habrá de imponerse a un abogado que haya incurrido en conducta reñida con los postulados éticos que guían el desempeño en la profesión legal, podemos tomar en cuenta los siguientes factores: (i) la buena reputación del abogado en la comunidad; (ii) el historial previo de éste; (iii) si ésta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) resarcimiento al cliente; y (vii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien a tenor con los hechos. Véase, *In re Quiñones Ayala*, res. 30 de junio de 2005, 164 D.P.R. ___, 2005 T.S.P.R. 99; *In re Montalvo Guzmán*, res. 20 de mayo de 2005, 164 D.P.R. ___, 2005 T.S.P.R. 82; *In re Vélez Barlucea*, 152 D.P.R. 298, 310-11 (2000); *In re Padilla Rodríguez*, 145 D.P.R. 536 (1998). Estos criterios nos sirven de guía al determinar la sanción que procede imponer.

En su informe, el Comisionado enumera varios atenuantes a la conducta de la licenciada Mulero que nos solicita tomemos en cuenta al sancionarla y nos sugiere una suspensión de corta duración como sanción. Entre los atenuantes que enumera se encuentran los siguientes: que la licenciada Mulero, al momento de los hechos, llevaba poco más de tres años como abogada; que en ese momento su experiencia como

abogada litigante era escasa; que cuando asumió la representación legal y decidió posponer la presentación de la demanda fue un periodo en que coincidió con el fallecimiento de su señor padre.

Hemos evaluado detenidamente todos estos factores al igual que muchos otros. No albergamos duda de que al momento de establecerse la relación abogada cliente en este caso, la licenciada Mulero Fernández tenía muy poca experiencia en el campo del litigio y no supo o no pudo manejar la encomienda asumida. Como resultado de ello, su cliente perdió su derecho a reclamar judicialmente. Su falta de experiencia exigía mayor celo y diligencia que de ordinario, pues caminaba por un trecho desconocido al no dominar la litigación contenciosa. Ello no obstante, y como ya indicamos, la clienta de la licenciada Mulero contribuyó con su displicencia y falta de cooperación a que no se pudiera presentar la demanda oportunamente, por lo que ella es en parte responsable de lo sucedido.

Por otro lado, sorprende que la licenciada Mulero, en sus escritos, ante este Tribunal no reconozca a cabalidad su responsabilidad. Aseverar, como defensa, que no tenía mucha experiencia nos parece insensible e indicativo de que ésta no apura adecuadamente las gravosas consecuencias de su falta de diligencia. Reiteramos lo dicho, una abogada o un abogado debe saber, independientemente de sus años de experiencia, que si no se tienen las destrezas o el conocimiento necesario para descargar una encomienda legal, ésta no se puede asumir.

Más que nada, esto es un asunto de sentido común y poco tiene que ver con la experiencia.

Visto la totalidad del expediente y habiendo ponderado detenidamente los hechos de este caso y, tomando en cuenta de que ésta es la primera infracción de la licenciada Mulero Fernández y que su cliente contribuyó con su desidia a lo acaecido, nos limitamos en esta ocasión a censurar enérgicamente a la licencia Mulero.  Se le advierte a ésta que, en lo sucesivo, seremos más rigurosos.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

María del Carmen Mulero
Fernández                                    CP-2005-23


SENTENCIA

San Juan, Puerto Rico, a 20 de junio de 2008

Por los fundamentos expresados en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, se dicta sentencia censurando enérgicamente a la licenciada Mulero Fernández. Se le apercibe a ésta que en el futuro debe ceñirse estrictamente a las disposiciones de los Cánones de Ética Profesional, de lo contrario seremos más rigurosos.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López disiente con opinión escrita.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

María Del Carmen Mulero Fernández          CP-2005-23

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 20 de junio de 2008

Disentimos por entender que, en el presente caso, la totalidad de la evidencia presentada demuestra que la <u>omisión</u> que se le imputa a la querellada María del Carmen Mulero Fernández     --esto es, la no radicación en tiempo de una demanda de daños y perjuicios ante la Corte de Distrito Federal para el Distrito de Puerto  Rico-- se debió, <u>en gran medida</u>, a la falta de cooperación, dejadez y hasta negligencia de la querellante Isabel Pérez Fernández; situación que, en nuestro criterio, <u>impide</u> que la prueba que milita contra la referida abogada querellada pueda ser considerada como "clara, robusta y convincente", conforme requiere nuestra

jurisprudencia para poder sancionar a un abogado en nuestra jurisdicción. *In re* Caratini Alvarado, 153 D.P.R. 575 (2001).

Es por ello que disentimos de la sanción disciplinaria de "censurar enérgicamente" a la Lcda. María del C. Mulero Fernández.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado