EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Elfrén García Muñoz | 2007 TSPR 90 |
| | 171 DPR _____ |

Número del Caso: CP-2005-3


Fecha: 3 de abril de 2007


Oficina del Procurador General:

                    Lcda. Noemí Rivera De León
                    Procuradora General Auxiliar


Abogado del Querellado:

                    Por Derecho Propio




Materia: Conducta Profesional
         (La suspensión del abogado advino final y firme el día 2
          de mayo de 2007)




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Elfrén García Muñoz                    CP-2005-3

PER CURIAM

San Juan, Puerto Rico, a 3 de abril 2007

**I**

**A.**

El Lcdo. Elfrén García Muñoz fue admitido al ejercicio de la abogacía en Puerto Rico en mayo de 1980 y al ejercicio del notariado en agosto del mismo año. El 26 de enero de 1999, la Oficina del Procurador General presentó ante este Tribunal un informe sobre cierta conducta del licenciado García Muñoz que se alegaba podría ser violatoria de varios cánones del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. En marzo de 1999 ordenamos la presentación de querella en este caso. No obstante, antes de que se presentara la misma, el Procurador General

solicitó la paralización del procedimiento disciplinario hasta tanto recayera sentencia en un caso que se ventilaba ante el Tribunal de Primera Instancia que se relacionaba con uno de los asuntos éticos que se traían a nuestra atención.

Concluido el proceso ante el foro de instancia, reanudamos los procedimientos disciplinarios, y en febrero de 2005 le ordenamos al Procurador General que presentara la correspondiente querella. La querella presentada imputó cuatro cargos por violaciones a los Cánones 19, 20 y 23 del Código de Ética Profesional. Veamos por separado en qué consistieron los cargos imputados al licenciado García Muñoz por el Procurador General.

**Primer Cargo:**

En el primer cargo se alegó que el licenciado García Muñoz había violado el Canon 19 de Ética Profesional por no haber mantenido informado a su cliente y aquí querellante, el señor Epifanio de Jesús González, de varios incidentes de importancia que se suscitaron en tres pleitos que el licenciado García Muñoz atendía para el señor de Jesús. Los casos en cuestión eran: Epifanio de Jesús González v. Norat González, CD 97-016; Epifanio de Jesús González v. Empresas Tito Castro, CM 97-38; y, Epifanio de Jesús González v. Autoridad de Carreteras, CD 94-0630. Todos ellos presentados ante el Tribunal de Primera Instancia, Sala de Coamo, subsección de distrito.

El primero de los casos (Norat González), se relacionaba con una demanda en cobro de dinero instada

contra el señor Felix Norat González, quien tenía un contrato de arrendamiento sobre un local comercial propiedad del señor de Jesús. Se adujo en la querella que el licenciado García desistió del pleito sin perjuicio, sin haberlo consultado previamente con su cliente.

En el segundo caso, contra las Empresas Tito Castro, se alegó que el abogado no mantuvo informado a su cliente que había recibido un cheque de parte de las Empresas Tito Castro transando la reclamación en su contra. Como tampoco le informó ni le consultó a su cliente, que iba a firmar el cheque librado a nombre del señor de Jesús, depositarlo en su cuenta personal y luego enviarle al señor de Jesús un cheque personal, por una cantidad menor al cheque emitido originalmente ya que dedujo del mismo la cantidad de $550.00 como pago por sus honorarios de abogado. La transacción en cuestión había sido por la cantidad de $1,550.00.

Finalmente, en lo que concierne al tercer caso, contra la Autoridad de Carreteras y Transportación, se alegó que el abogado no había informado a su cliente que había recaído sentencia adversa en su contra ante el foro primario, que había apelado la misma exitosamente ante el foro apelativo intermedio y que la parte perdidosa había acudido ante este Tribunal. El señor de Jesús dijo desconocer de todos estos trámites y que se enteró de los mismos casualmente.

**Segundo Cargo:**

El segundo cargo imputó violación al Canon 20 de Ética Profesional porque el licenciado García se negó a entregarle al querellante el expediente del caso instado contra el señor Norat González cuando le fue requerido, hasta tanto se le pagasen unos honorarios que alegadamente se le adeudaban.

**Tercer Cargo:**

El tercer cargo imputó violación a la relación fiduciaria entre abogado-cliente contenida en el Canon 23 de Ética Profesional. Se alegó que el licenciado García Muñoz endosó y depositó en su cuenta personal un cheque a nombre de su cliente proveniente de la transacción del litigio en el caso contra las Empresas Tito Castro, reteniendo para sí parte del dinero en concepto de honorarios de abogado. Todo ello contrario a los dictámenes de este Tribunal. Se alegó también que la transacción de este litigio no fue consultada con su cliente.

**Cuarto Cargo:**

Finalmente, el Procurador General imputó en la querella presentada que el licenciado García incurrió en violación al Canon 23 de Ética Profesional al adquirir un interés en el objeto del litigio del pleito en cobro de dinero instado contra el señor Norat González. Específicamente, se adujo que el licenciado García Muñoz había arrendado a su cliente el local comercial sobre el cual se litigaba.

**B**

Presentada la querella, en junio de 2005 designamos a la Lcda. Ygrí Rivera de Martínez Comisionada Especial en este caso para que recibiera la prueba y rindiera el correspondiente informe con sus recomendaciones. Luego de los trámites de rigor, la vista en su fondo quedó pautada para el 28 de marzo de 2006.

Previo a la vista en su fondo, el licenciado García Muñoz aceptó varios de los cargos imputados. Específicamente, aceptó respecto el Primer Cargo, el hecho de no haberle informado al querellante de la transacción del pleito instado en contra de las Empresas Tito Castro. Aceptó también que no informó que había recibido el cheque transaccional. Además, el licenciado García Muñoz aceptó los Cargos Segundo y Tercero. El Cuarto Cargo se negó, como también se negó lo relacionado con las gestiones hechas en los otros dos pleitos que se incluyeron en el Primer Cargo. El licenciado García solicitó las indulgencias del Tribunal por su conducta.

Así las cosas, para la vista en su fondo lo único pendiente era lo relacionado con los casos instados en contra el señor Norat González y la Autoridad de Carreteras que se incluyeron en el Primer Cargo; así como lo relativo al Cuarto Cargo y el interés adquirido en el local arrendado al señor Norat. Llegada la fecha de la vista y antes de comenzar con la misma, se anunció que el querellado aceptaba el Cuarto Cargo.

El 10 de noviembre de 2006, la Comisionada Especial rindió un extenso informe en el que concluyó que los cargos pendientes quedaron plenamente probados. Sostuvo además que en relación a los cargos aceptados por el licenciado García Muñoz, la prueba que obraba en autos también sostenía la comisión de las violaciones éticas.

La Comisionada Especial indicó que en relación con el Cargo Primero donde se imputó violación al Canon 19, la prueba demostró que la alegación de que el licenciado García había desistido del pleito contra el señor Norat sin el consentimiento de su cliente, quedó plenamente probada. Específicamente apuntó, que "no se presentó constancia alguna que reflejara, la fecha o el momento o la forma o manera en que el querellado le informó al quejoso de su intención de desistir."

Así también quedó probado que el querellado no le informó a su cliente de las instancias procesales acaecidas en el litigio contra la Autoridad de Carreteras. Como indicamos, en este pleito originalmente recayó sentencia en contra del señor de Jesús la cual se apeló exitosamente ante el foro apelativo intermedio. La Comisionada Especial apuntó en su informe que el licenciado García en la vista en su fondo indicó que él le había informado a su cliente de las incidencias del pleito, aunque no "cuando él quería." Añadió que el licenciado García acotó en su defensa que los procedimientos "fueron muy rápidos" y no pudo informarle a su cliente cuando él quería. La Comisionada concluyó expresamente que no le mereció

credibilidad el testimonio del querellado. De esta forma, los dos asuntos que se iban a ventilar en la vista en su fondo quedaron probados a satisfacción de la Comisionada Especial.

Ésta indicó además en su informe que, referente al Segundo Cargo, relacionado con la negativa del licenciado de García Muñoz de entregarle a su cliente el expediente del caso en contra del señor Norat González hasta tanto se resolviera el asunto de los honorarios de abogados alegadamente adeudados, existía abundante prueba para que el cargo se sostuviera. Hizo especial mención de una carta que le remitiera el licenciado García Muñoz a su cliente de fecha 3 de diciembre de 1997, donde se indicó lo siguiente:

> Usted me solicita que renuncie al caso y le entregue el expediente para usted continuar con las gestiones, **pero como usted comprenderá, hasta tanto no resolvamos lo de los honorarios no puedo desprenderme del caso.**
>
> **Lo invito a que dialoguemos sobre mis honorarios y una vez se me cancelen los mismos no tendré ninguna objeción en que contrate otro abogado, de otra forma, el expediente permanecerá en la Oficina del suscribiente.** (Énfasis nuestro.)

Como se indicó previamente, el licenciado García aceptó el cargo imputado.

Respecto el Tercer Cargo, relacionado con el pleito contra las Empresas Tito Castro, la Comisionada Especial concluyó que la prueba demostró que el cheque en cuestión aparecía librado a nombre del querellante, señor Epifanio de Jesús González y "[a]lguien aparecía firmando con su nombre, siendo el cheque luego depositado en la cuenta personal del querellado." Como indicamos ya, el querellado

aceptó el cargo más señaló que, "actuó de buena fe y sin ánimo de retener los bienes que no le pertenecían." Solicitó las excusas del Tribunal. El Procurador General solicitó de la Comisionada Especial que este cargo se considerara como un agravante. Por su parte, el quejoso indicó que el hecho de que admitió el mismo y reconoció su responsabilidad debe tomarse como un atenuante al momento de fijar la sanción que corresponda.

Finalmente, sobre el Cuarto Cargo, donde se imputó violación al Canon 23 de Ética Profesional por haber adquirido el querellado interés en un local que era objeto de la acción de cobro de dinero entre el señor de Jesús y el señor Norat González, el mismo fue aceptado por el querellado al inicio de la vista en su fondo y la Comisionada Especial nos indicó que de la prueba en autos surge que en efecto se incurrió en la conducta imputada.

Evaluada la totalidad de la prueba, la Comisionada Especial concluyó que todos los cargos quedaron probados por lo que se incurrió en las violaciones éticas imputadas. En específico indicó en su informe lo siguiente, citamos extensamente por su importancia:

> A tenor de las determinaciones de hechos que anteceden, puede afirmarse sin duda alguna que los hechos demuestran que todos los cargos se sostienen y así también las violaciones éticas a los Cánones 19, 20 y 23 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C 19, 20 y C 23. El querellado incurrió en conducta muy seria, grave y lamentable. Tres de los cargos, el Núm. II, el Número III y el Número IV fueron aceptados por él, así como el inciso 2 del Cargo I también fue aceptado. No obstante, había una prueba muy amplia que así lo demostraba en cada uno de ellos y en los dos incisos del Cargo I (incisos 1 y 3)

que fueron negados por el querellado. **No tenemos la más leve duda de que todas las violaciones éticas imputadas al querellado fueron cometidas por éste.**

El querellado ha pedido disculpas a este Honorable Tribunal con la súplica de que se tome ello como un atenuante. Por otra parte, el Procurador General solicita que se tome como un agravante para el Cargo III la retención de los quinientos cincuenta ($550.00) dólares de la totalidad de mil quinientos ($1,500.00) dólares del cheque, a espaldas del cliente y dándose el elemento de que firmó por el cliente, todo ello bajo la justificación de que se trataba de honorarios de abogado.

**Del análisis de los hechos surge que no fue una mera retención de fondos, lo cual, por sí solo, es una violación ética, sino que el cheque a nombre de su cliente proveniente de la transacción del pleito contra las Empresas Tito Castro, fue endosado y depositado en la cuenta personal del abogado, desconociendo el cliente todo lo ocurrido y particularmente ignorando que alguien había firmado por él. Coincidimos con la recomendación del Procurador General de que las circunstancias particulares de este cargo, por su gravedad, constituyen un agravante.** (Énfasis nuestro.)

El informe, con las conclusiones antes señaladas, le fue notificado a las partes el 14 de diciembre. El 26 de diciembre el licenciado García Muñoz reaccionó al mismo. En su escrito solicita nuevamente las excusas del Tribunal.

## II

La abogacía cumple una función social de notable importancia en nuestra sociedad por su aportación imprescindible a la realización de la Justicia. Así, quienes tienen el privilegio de ser miembros de tan exalta cofradía, tienen una responsabilidad ineludible de actuar siempre acorde a los mas rigurosos principios éticos.

El Canon 19 de los Cánones de Ética Profesional le impone a todo abogado el deber ineludible de mantener informado a su cliente de todo asunto importante que surja durante la tramitación de su causa. Esta exigencia es elemento imprescindible en la relación fiduciaria que existe entre abogado y cliente.

En este caso, quedó demostrado que el querellado no le informó a su cliente de la sentencia que recayó en su contra en el caso instado contra la Autoridad de Carreteras, así como tampoco le advirtió de los recursos instados a nivel apelativo luego de que recayera sentencia. Ciertamente no puede haber información más importante para un cliente que conocer de un dictamen adverso en su contra.

De otra parte, y como ya señalamos, la Comisionada Especial informó que a base de la prueba presentada y la credibilidad que la misma le mereció, quedó probado que el licenciado García no le notificó a su cliente que se proponía presentar una moción de desistimiento voluntario sin perjuicio en la demanda que se había instado en contra del señor Norat González.

La conducta del licenciado García Muñoz en la tramitación de los casos antes mencionados es seria y revela un claro incumplimiento con el mandato contenido en el Canon 19. Reiteradamente hemos expresado que el abogado debe mantener informado a su cliente de las gestiones que lleva a cabo durante la tramitación de un litigio. *In re Criado Vázquez*, 155 DPR 436 (2001); *In re Acosta Grubb*, 119 DPR 595 (987). Hemos sostenido que dictada una sentencia

en un caso que pone fin, parcial o totalmente a la causa de acción, es obligación del abogado informar a su cliente sobre lo acaecido. *Colón Prieto v. Géigel*, 115 DPR 232 (1984); *In re Cardona Vázquez*, 108 DPR 6 (1978). La conducta incurrida por el licenciado García es claramente contraria al tenor literal del Canon 19 y a nuestros pronunciamientos sobre el alcance del mismo.

Por otro lado, el Canon 20 de Ética Profesional exige que cuando un abogado ha comparecido ante un tribunal en representación de un cliente, no puede ni debe renunciar a la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista razón justificad para ello. Al hacerse efectiva su renuncia, el abogado tiene el deber ineludible de hacerle entrega a su cliente del expediente del caso así como de todo aquel documento en su poder relacionado con el pleito.

En el caso de autos, el señor de Jesús González le solicitó la renuncia al licenciado García en el pleito que se ventilaba en contra del señor Norat el 26 de noviembre de 1997. El 3 de diciembre de 1997 el licenciado García Muñoz le remitió la carta antes citada a su cliente, en la que condicionaba la entrega del expediente a que le satisficieran los honorarios adeudados. Con su acción, por demás contumaz, el licenciado García Muñoz impidió que otro abogado asumiera la representación legal del señor de Jesús González.

Hace casi cuarenta años dejamos establecidos que en Puerto Rico el abogado no tiene un gravamen sobre el producto de una sentencia obtenida, aun cuando medie controversia respecto a determinados honorarios. *Cornier Salls v. Tribunal Superior*, 96 DPR 253 (1968). Además, el expediente de un caso le pertenece al cliente y una vez el abogado concluye las gestiones para lo cual fue contratado, surge la obligación de entregar dicho expediente a su cliente de inmediato y sin dilación alguna. *In re Ortiz Morales*, res. 8 de noviembre de 2005, 166 DPR ___, 2005 TSPR 199; *In re Avilés Vega*, 141 DPR 627 (1996).

El abogado no lo puede retener como rehén un expediente hasta que se le satisfagan sus honorarios como si éstos fueran una recompensa para liberar el expediente. "Esta norma es corolario de la libertad de selección que tiene todo ciudadano de encomendar a un abogado una gestión profesional, y de estimarlo conveniente, retirarle la misma; en última instancia la protección y búsqueda de la justicia no puede estar sujeta ni detenerse por el fundamento de no haberse satisfecho los honorarios pactados." *In re Vélez*, 103 DPR 590, 599 (1975). Como indicamos al inicio, el licenciado García Muñoz aceptó que violó el Canon 20 y existe además, abundante prueba en autos que corrobora la violación ética.

El Canon 23 de los Cánones de Ética Profesional, dispone, entre otras cosas, que la naturaleza fiduciaria de las relaciones entre el abogado y su cliente exige que las mismas se asienten sobre la honradez absoluta y total

transparencia, particularmente cuando de asuntos de índole económica se trate.  El abogado debe dar pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con los suyos ni permitir que se mezclen.  "La retención de cualquier cantidad de dinero, perteneciente a sus clientes, trastoca e infringe los postulados del canon 23 del Código de Ética Profesional, y demuestra menosprecio hacia sus deberes como abogado."  *In re Rivera Irizarry*, 155 DPR 687, 693 (2001).

En *In re Vázquez O'Neill*, 121 DPR 623, 628 (1988) sostuvimos que la retención de fondos pertenecientes a sus clientes por el abogado amerita una sanción, aunque éste los hubiera devuelto, o aun cuando los hubiera retenido sin la intención de apropiárselos.  Así también la dilación en la devolución es igualmente reprochable por lo que amerita se tomen medidas disciplinarias contra el abogado que así actúe.  *In re Álvarez Aponte*, 158 DPR 140, 146-147 (2002); *In re Rivera Irizarry, supra*.  Hemos caracterizado estas desviaciones de los estándares éticos exigibles, como graves; las cuales están reñidas con las normas que deben informar la vida profesional de un abogado.

En cuanto a este cargo y la violación al Canon 23 a la luz de los hechos relatados, el licenciado García Muñoz aceptó haber infringido el mismo.  La Comisionada Especial concluyó que de la forma como quedó probado este cargo era evidente que no se trataba de "una mera retención de fondos", lo cual de suyo era suficiente para imponer una sanción disciplinaria.  Sino también, que se trató de un

cheque girado a nombre del cliente, proveniente de una transacción que éste desconocía que se había logrado, que fue endosado sin saber el cliente por quién, y depositado en la cuenta del abogado. En atención a lo cual ésta concluyó que ante la gravedad de los hechos el mismo constituye un agravante. Compartimos la apreciación de la Comisionada Especial.

Finalmente, el Procurador General imputó violación al Canon 23 por el interés que había adquirido el querellado en el local perteneciente a su cliente objeto de una acción de cobro de dinero contra del señor Norat González. La Comisionada Especial concluyó que no había duda que el licenciado García Muñoz adquirió tal interés mientras el litigio contra Norat González estaba pendiente. El querellado aceptó también ese cargo.

En *In re Rivera Arvelo*, 132 DPR 840, 857 (1993) indicamos que una de las modalidades del Canon 23 es que "un abogado no debe adquirir interés o participación alguna en bienes o derechos que estén en litigio o que pueden ser objeto de litigo entre la parte que el abogado representa y al parte contrario." Esta prohibición persigue prevenir aquellos conflictos de intereses que pudieran interferir con el ejercicio de un juicio profesional independiente por parte del abogado a quien el cliente encomendó su representación. Véase, *Colón v. Am. Life & Cas. Co.*, 110 DPR 772 (1981); *In re Cepeda Parrilla*, 108 DPR 353 (1979).

## III

A la luz de la discusión que antecede es evidente que la actuación del licenciado García Muñoz acusa graves desviaciones de las normas éticas exigibles a todo miembro de la clase togada.  Su conducta no es aislada, sino que revela un patrón de descarrío ético que lacera la buena imagen de la profesión legal, además de afectar a quien fue su cliente.

Por las razones antes expresadas, se separa indefinidamente y de forma inmediata a Elfrén García Muñoz del ejercicio de la abogacía.  Si bien de ordinario hemos considerado como elemento mitigante que el querellado haya aceptado la gran mayoría de los cargos imputados en su contra, *In re Sanabria Ortiz*, 156 DPR 340, 345 (2002), tal y como ha ocurrido en este caso, la gravedad que reflejan las actuaciones de García Muñoz, y considerando como agravante a su conducta el haber depositado en su cuenta un cheque transaccional dirigido a su cliente para de ahí "cobrar" los honorarios que alegadamente se le adeudaban sin la anuencia o conocimiento de éste, exige la imposición de tan severa sanción.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Elfrén García Muñoz                    CP-2005-3

SENTENCIA

San Juan, Puerto Rico, a 3 de abril 2007

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, se separa indefinidamente y de forma inmediata a Elfrén García Muñoz del ejercicio de la abogacía.

Le imponemos al licenciado Muñoz García el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de **treinta (30) días**, contados a partir de la notificación de esta Opinión Per Curiam, el cumplimiento de estos deberes.

El Alguacil del Tribunal Supremo procederá a incautarse de la obra notarial del licenciado de García Muñoz, incluyendo sello notarial, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rebollo López hace constar lo siguiente:

"El Juez Asociado señor Rebollo López, no obstante estar conforme con la Opinión Per Curiam, limitaría la sanción impuesta a un (1) año de suspensión."

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo