EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>Gilbert G. Montes Fuentes | 2008 TSPR 185<br><br>175 DPR _____ |

Número del Caso: CP-2007-3

Fecha: 30 de septiembre de 2008

Abogado de la Parte Peticionaria:

                    Por Derecho Propio

Oficina del Procurador General:

                    Lcda. Wanda I. Simons García
                    Procuradora General Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Gilbert G. Montes Fuentes        CP-2007-3      Conducta
                                                Profesional

PER CURIAM

San Juan, Puerto Rico a 30 de septiembre de 2008.

El Procurador General presentó una querella en contra del Lcdo. Gilbert Montes Fuentes imputándole dos infracciones al Código de Ética Profesional, 4 L.P.R.A. Ap. IX. En síntesis, el Procurador General sostuvo que Montes Fuentes no cumplió con el deber de diligencia establecido en el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.18, y que infringió el Canon 19 del mencionado código, 4 L.P.R.A. Ap. IX C.19, por haber incumplido con el deber de información que conlleva toda relación abogado-cliente.

Luego de que Montes Fuentes sometiera su posición sobre las alegaciones presentadas, nombramos una Comisionada Especial para que

presidiera la vista evidenciaria, aquilatara la prueba y nos preparara un informe que recogiera sus determinaciones de hechos. Examinado el informe presentado, concluimos que Montes Fuentes incurrió en las faltas imputadas.

Los hechos, según expuestos a continuación, surgen de las determinaciones fácticas de la Comisionada Especial y de los documentos que obran en el expediente.

I

La Sra. María Rolón Deliz contrató los servicios del Lcdo. Gilbert Montes Fuentes para la presentación de una demanda sobre daños y perjuicios ante el Tribunal de Primera Instancia. Montes Fuentes, en efecto, presentó una demanda en representación de la señora Rolón Deliz, su esposo, sus hijos y la sociedad legal de bienes gananciales, en contra de Euro-Blind, Corp., Juan Orlando Huertas, Madeline Morales Rivera y la sociedad legal de bienes gananciales compuesta por estos últimos. Dicha demanda fue radicada el 29 de enero de 2003.

Mediante la referida demanda, la señora Rolón Deliz y los demás co-demandantes procuraban el resarcimiento de los daños alegadamente ocasionados por los demandados, en ocasión de una agresión perpetrada específicamente por la co-demandada Madeline Morales Rivera. Se alegó que la señora Rolón Deliz estaba trabajando para la compañía Euro-Blind, cuyo dueño era el también co-demandado Juan Orlando Huertas, cuando la esposa de éste, Madeline Morales Rivera, entró y la agredió sin justificación alguna. En particular,

se adujo que -sin que mediara provocación- la señora Morales Rivera le cortó los brazos y el rostro con una navaja de afeitar. Por tales daños, la señora Rolón Deliz y los demás co-demandantes solicitaron una indemnización que, en total, ascendía a $90,000.

Por esos mismos hechos, la señora Rolón Deliz presentó una denuncia en contra de la señora Morales Rivera. Véase Pueblo v. Madeline Morales, DIC-2003G0016. Adjudicado el asunto, el Tribunal de Primera Instancia, Sala Superior de Bayamón, declaró a la señora Morales Rivera culpable por el delito de tentativa de agresión agravada y violación al Art. 5.05 de la Ley de Armas.

Después de presentada la demanda contra Euro-Blind y los demás co-demandados, la señora Rolón Deliz intentó conseguir información del caso a través de Montes Fuentes. No obstante, todas sus gestiones resultaron infructuosas. Dado que había transcurrido mucho tiempo desde la presentación de la demanda sin obtener información sobre el desarrollo del caso, el 2 de mayo de 2005 la señora Rolón Deliz y su esposo acudieron directamente al tribunal para indagar al respecto. Fue entonces que se les informó que desde el 27 de febrero de 2004 la demanda había sido desestimada con perjuicio por no haberse cumplido con el diligenciamiento de los emplazamientos dentro del término correspondiente. En particular, la Sentencia en cuestión expresa lo siguiente:

> Transcurrido el término de seis (6) meses provisto por la Regla 4.3(b) de

> Procedimiento Civil sin que aparezca de los
> autos que el emplazamiento haya sido
> diligenciado, o se haya prorrogado por justa
> causa dentro del término original aludido,
> se tiene a la parte actora por desistida de
> su acción, con perjuicio.

Del expediente surge que Montes Fuentes había presentado el 17 de febrero 2004 una "Moción Solicitando Nuevos Emplazamientos" en la que adujo que no había podido conseguir a los demandados para diligenciar los correspondientes emplazamientos. Dicha solicitud fue resuelta con un No Ha Lugar el 5 de marzo de 2004, después de la fecha en que se desestimó la reclamación.

Posteriormente, el 25 de agosto de 2004, Montes Fuentes presentó una moción de relevo de sentencia, solicitando que se dejara sin efecto la sentencia emitida, toda vez que nunca se le emitió una orden de mostrar causa. La referida solicitud fue declarada No Ha Lugar mediante Orden emitida el 1 de septiembre de 2004. En dicha Orden, el tribunal hizo constar lo siguiente:

> El presente caso fue radicado el 29 de enero
> de 2003. Transcurrido un año el 27 de
> febrero de 2004, el tribunal dictó sentencia
> conforme a la Regla 4.3(b) por no haberse
> diligenciado emplazamiento en el término de
> seis meses. De hecho, transcurrió un año y
> no se solicitó prórroga dentro del término
> provisto en la referida regla.

Una vez enterada de la desestimación de la demanda, la señora Rolón Deliz intentó comunicarse con Montes Fuentes pero, nuevamente, no fue posible. En vista de ello, optó por contratar los servicios del Lcdo. Israel Medina Colón para que la ayudara a comunicarse con Montes Fuentes y para

informarle a éste la intención de presentar una reclamación en su contra. Dicho letrado intentó comunicarse con Montes Fuentes al teléfono que consta en el registro correspondiente del Colegio de Abogados, pero no obtuvo respuesta. Posteriormente, le envió una carta certificada con acuse de recibo, pero la misma no fue reclamada.

Más tarde, el licenciado Medina Colón logró contacto telefónico con Montes Fuentes y le envió por fax la carta mencionada. En dicha conversación, Montes Fuentes le indicó al licenciado Medina Colón que se proponía corregir la situación de la señora Rolón Deliz solicitando nuevamente algún tipo de revisión, ya fuera en el tribunal de instancia o en el foro apelativo.

Al cabo de un tiempo, y en vista de la ausencia de actos afirmativos de parte de Montes Fuentes, el licenciado Medina Colón le envió otra carta certificada con acuse de recibo, la cual también fue devuelta. Igual que en las ocasiones anteriores, esta carta había sido enviada a la dirección conocida de Montes Fuentes.

En vista de lo ocurrido, el 7 de marzo de 2006 la señora Rolón Deliz presentó una demanda sobre daños y perjuicios en contra de Montes Fuentes, Jane Doe, la sociedad legal de bienes gananciales y las compañías de seguro A, B y C. En la referida demanda, la señora Rolón Deliz alegó, en esencia, que las actuaciones negligentes de Montes Fuentes, al no cumplir con sus responsabilidades éticas en el manejo del caso que le fue asignado,

ocasionaron la pérdida de su causa de acción por los hechos ocurridos en la corporación Euro-Blind. Por tal razón, reclamó una compensación no menor de la que solicitó en dicho caso; o sea, $90,000.[1]

Posteriormente, la señora Rolón Deliz presentó una queja ante nos contra Montes Fuentes detallando lo ocurrido y aduciendo que éste fue negligente en el manejo de su caso, lo que ocasionó que perdiera la oportunidad de recuperar algún tipo de compensación por los daños y perjuicios sufridos por lo ocurrido en Euro-Blind.

Examinada la queja presentada, le concedimos término a Montes Fuentes para someter su contestación. En cumplimiento con lo anterior, éste compareció alegando –en esencia– que la ausencia de comunicación que hubo entre él y la señora Rolón Deliz fue causada por esta última, dado que no podía ser localizada en los teléfonos que había provisto. A su vez, adujo que no pudo emplazar a los demandados dentro del término correspondiente también por causa de la señora Rolón Deliz, ya que alegadamente ésta se comprometió a conseguir la dirección de los demandados y no lo hizo. Según relató, en vista de que se estaba celebrando el caso criminal contra la co-demandada Madeline

---

[1] Tomamos conocimiento judicial de que en el trámite de dicha demanda a Montes Fuentes se le anotó la rebeldía y que la misma aún se encuentra pendiente de adjudicación. Al preguntársele por el *status* de ese caso durante la vista inicial ante la Comisionada Especial (después de la cual se sometió el caso por el expediente), Montes Fuentes indicó no recordar en qué etapa se encuentra el mismo y expresó que sólo recordaba que había sido emplazado.

Morales Rivera, la señora Rolón Deliz le avisaría a su paralegal la fecha de las vistas para que se le pudiera emplazar en el tribunal. Señaló, además, que aunque conocía la ubicación de Euro-Blind y del negocio de la señora Morales Rivera (Rizzos), no pudo localizar a los demandados en ninguno de ellos porque, según la emplazadora, se estaban escondiendo.

Montes Fuentes acompañó su contestación con una declaración jurada de una ex-secretaria y del mencionado paralegal, en la que ambos afirman que había problemas para conseguir a la señora Rolón Deliz y que ésta se había comprometido a ayudar a localizar a los demandados, mas no lo hizo. Además, incluyó una hoja de trámite de la que se desprenden varias anotaciones sobre el incidente de agresión, aparentemente tomadas en distintas fechas: una el 10 de octubre de 2002, otra el 18 de febrero de 2003 y otra el 10 de junio del mismo año. Asimismo, incluyó una carta con fecha del 7 de octubre de 2002, en la que le indicaba a la señora Rolón Deliz que no la había podido conseguir a sus teléfonos y que necesitaba con prontitud los nombres de sus hijos para poder presentar la demanda.

Recibida y analizada la contestación presentada por Montes Fuentes, remitimos el asunto a la Oficina del Procurador General para la investigación e informe del asunto. Examinado el informe sometido, ordenamos la presentación de la querella correspondiente. Posteriormente, nombramos a la Hon. Eliadis Orsini Zayas

como Comisionada Especial, quien concluyó que Montes Fuentes incurrió en las faltas imputadas y recomendó su separación indefinida del ejercicio de la profesión.

A la luz del trasfondo fáctico y procesal mencionado, debemos resolver si Montes Fuentes infringió los Cánones 18 y 19 del Código de Ética Profesional, *supra*. Para llegar a una conclusión a esos efectos, debemos determinar si éste no desplegó la debida diligencia en el manejo del caso que le fue encomendado por la señora Rolón Deliz y si no la mantuvo informada sobre el desarrollo y desenlace del mismo.

II

Como es sabido, el Canon 18 del Código de Ética Profesional, *supra*, versa sobre el deber de competencia y diligencia del abogado en la tramitación de las causas que se le encomiendan. En particular, dicho Canon dispone que "[e]s deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". 4 L.P.R.A. Ap. IX, C. 18; véase, además, In re Pujol Thompson, res. 19 de junio de 2007, 2007 TSPR 129. De conformidad con ello, hemos expresado que la desidia, desinterés, inacción y displicencia como patrón de conducta en la representación del cliente violentan las disposiciones del Código de Ética Profesional. In re Santos Rivera, res. 12 de diciembre de 2007, 2008 TSPR 12.

El deber de diligencia contemplado en el referido Canon implica que todo miembro de la profesión legal tiene la obligación ética de defender los intereses de su cliente con el compromiso de emplear la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. In re Mulero Fernández, res. 20 de junio de 2008, 2008 TSPR 111; In re Meléndez La Fontaine, res. 9 de febrero de 2006, 2006 TSPR 22. Por tanto, este deber se infringe cuando el abogado asume una representación legal consciente de que no puede rendir una labor idónea, competente o que no puede prepararse adecuadamente para atender el caso sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. In re Meléndez Figueroa, res. 15 de noviembre de 2005, 2005 TSPR 177.

Por otro lado, el Canon 19 postula que el abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso. 4 L.P.R.A. Ap. IX, C. 19; véase, además, In re Alonso Santiago, res. 13 de septiembre de 2005, 2005 TSPR 137. Evidentemente, esta exigencia es elemento imprescindible en la relación fiduciaria que existe entre abogado y cliente. Véase In re García Muñoz, res. 3 de abril de 2007, 2007 TSPR 90.

Al interpretar el mencionado precepto, hemos afirmado que un abogado debe mantener a su cliente informado de las gestiones realizadas y del desarrollo de los asuntos a su cargo, consultándole cualquier duda sobre aquello que no caiga en el ámbito discrecional. Véase In re Acosta Grubb,

119 D.P.R. 595 (1987). Incluso, hemos resuelto que se viola el Canon 19 cuando no se atienden los reclamos de información del cliente, no se le informa del resultado adverso de la gestión encargada, la acción se desestima o se archiva, no se mantiene al cliente al tanto del estado o la situación procesal del caso, o simplemente se le niega información sobre su caso. Véanse In re Mulero Fernández, *supra*; In re Vélez Valentín, 124 D.P.R. 403 (1989).

Con este marco normativo en mente, pasamos a disponer concretamente del asunto ante nuestra consideración.

III

En el caso de autos, no existe controversia en cuanto al hecho de que la reclamación de la señora Rolón Deliz fue desestimada con perjuicio porque los emplazamientos no se diligenciaron dentro del término correspondiente. De hecho, tampoco se ha puesto en duda que Montes Fuentes no solicitó prórroga en momento alguno y que pasó más de un año sin que se intentaran obtener nuevos emplazamientos. A su vez, no existe controversia en cuanto al hecho de que Montes Fuentes no solicitó revisión de la Sentencia mediante la cual se desestimó la reclamación de la señora Rolón Deliz y los demás co-demandantes, por lo que la misma advino final y firme.

Ahora bien, Montes Fuentes justifica la falta de diligenciamiento de los emplazamientos dentro del término correspondiente aduciendo una alegada ausencia de comunicación entre él y la señora Rolón Deliz. Según

expuso en su contestación a la queja, la señora Rolón Deliz quedó en proveerle la dirección de los demandados y no lo hizo. Además, alegó que ésta se comprometió a informarle a su paralegal las fechas de las vistas relacionadas al caso criminal que se ventilaba contra la señora Morales Rivera, mas no cumplió con lo prometido. Partiendo de ello, Montes Fuentes aduce que la verdadera responsable de que no se hubieran diligenciado los emplazamientos oportunamente fue la propia señora Rolón Deliz. No estamos de acuerdo.

Del expediente surge que Montes Fuentes conocía la ubicación de Euro-Blind y del negocio de la señora Morales Rivera, por lo que prácticamente tenía a la mano las direcciones de todos los demandados. Si bien éste alegó que en tales direcciones no los pudo localizar, lo cierto es que no presentó prueba alguna para sustentar dicha afirmación. De hecho, aun cuando así hubiera sido, Montes Fuentes pudo demostrarle al tribunal las gestiones realizadas infructuosamente para encontrar a los demandados, de manera que se le permitiera emplazarlos por edicto.

No obstante, Montes Fuentes optó por cruzarse de brazos sin siquiera presentar ante el tribunal una moción de prórroga o alguna otra solicitud dirigida a mantener viva la causa de acción de sus clientes. No fue hasta el 17 de febrero de 2004, es decir, un año y un mes de presentada la demanda, que Montes Fuentes presentó una moción solicitando nuevos emplazamientos, en la que adujo

que no había podido conseguir a los demandados. Dicha solicitud fue denegada poco después que el tribunal desestimara la reclamación. A su vez, luego de transcurridos casi seis meses desde que se desestimó la demanda, Montes Fuentes presentó una moción de relevo de sentencia amparándose en que el tribunal de instancia nunca le ordenó mostrar causa antes de desestimar la reclamación. La referida moción también fue denegada por el foro primario.

Claramente, las gestiones mencionadas fueron realizadas a completo destiempo, por lo que resultaban insuficientes para salvaguardar los derechos de sus clientes. Por un lado, la moción solicitando la expedición de nuevos emplazamientos estaba huérfana de fundamentos y se presentó fuera del término de seis meses que proveen las reglas vigentes. Por su parte, la moción de relevo de sentencia no esbozó fundamento alguno de los contemplados en la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.49.2, de manera que se pudiera mover afirmativamente la discreción del juzgador.

Por tanto, no cabe duda que Montes Fuentes no desplegó en este caso toda la diligencia y esmero posible permitiendo que se desestimara la reclamación de sus clientes y que perdieran la oportunidad de recuperar su causa de acción mediante el empleo de los recursos apelativos adecuados. Ya anteriormente hemos afirmado que "aquella actuación negligente que pueda conllevar o en

efecto conlleve la desestimación o archivo de un caso o la pérdida del derecho a reclamar judicialmente, se configura violatoria del Canon 18". In re Mulero Fernández, *supra*; In re Hoffman Mouriño*, res. 7 de junio de 2007, 2007 TSPR 115.

De hecho, las gestiones realizadas a destiempo por Montes Fuentes reflejan, no sólo dejadez y falta de diligencia en su desempeño profesional, sino que evidencian una marcada ausencia de conocimiento sobre las reglas procesales. Nótese que, en lugar de apelar la Sentencia desestimatoria, Montes Fuentes presentó una moción de relevo de sentencia. En su contestación a la querella, éste justificó su proceder aduciendo lo siguiente: "[n]os llega una Sentencia en marzo de 2004 por no haber emplazado y **optamos** por una Regla 49 de las de Procedimiento Civil la cual me da hasta 6 meses para reclamar desde que se registró la Sentencia" (énfasis nuestro). Evidentemente, ello resalta el desconocimiento de Montes Fuentes sobre la correcta utilización de nuestras reglas procesales en cuanto pasa por alto, entre otras cosas, que la moción de relevo de sentencia no puede ser utilizada en sustitución de los recursos ordinarios de revisión judicial y que –aunque las reglas conceden hasta un máximo de seis meses– la misma se debe presentar dentro de un término razonable. Véanse Regla 49.2 de Procedimiento Civil, *supra*; Náter Cardona v. Ramos Muñiz, 162 D.P.R. 616 (2004).

Por último, conviene aclarar que la Comisionada Especial le confirió poco valor probatorio a la evidencia

presentada por Montes Fuentes para demostrar que fue la señora Rolón Deliz quien se mantuvo incomunicada. Las versiones ofrecidas por el paralegal de Montes Fuentes y su ex-secretaria en las declaraciones juradas sometidas no pudieron ser confrontadas con el testimonio de éstos, toda vez que no fueron presentados como testigos. Igualmente, la hoja de trámite que contiene anotaciones aparentemente tomadas en fechas distantes entre sí no constituye prueba suficiente para sostener que la señora Rolón Deliz se comunicó con Montes Fuentes únicamente en esas ocasiones. De hecho, las anotaciones incluidas en la referida hoja de trámite parecen haber sido tomadas por distintas personas y algunas partes de la misma tienen tachaduras y borrones. A su vez, la carta enviada a la señora Rolón Deliz no constituye prueba sobre su alegada incomunicación en el momento procesal que nos concierne, toda vez que se refiere al periodo de tiempo anterior a la presentación de la demanda.

Ahora bien, aun si diéramos por cierto que la señora Rolón Deliz fue quien se mantuvo incomunicada y que ello le impidió a Montes Fuentes lograr el diligenciamiento de los emplazamientos, de todas maneras llegaríamos a la conclusión de que éste no actuó con la diligencia y el celo requerido en el manejo del caso. Si realmente Montes Fuentes estaba impedido de ofrecerles a sus clientes una adecuada asistencia profesional por la falta de cooperación de éstos, entonces debió acudir al tribunal y solicitar ser

relevado de la representación legal. Al haber mantenido la representación legal de la señora Rolón Deliz y de los demás co-demandantes, Montes Fuentes asumió las responsabilidades que eso conlleva y, por ende, debió actuar en todo momento con la diligencia y el esmero requerido por las normas deontológicas que rigen el ejercicio de la profesión.

Por otro lado, resulta evidente que Montes Fuentes incumplió con el deber de información que supone toda relación abogado-cliente. Éste fue informado de la Sentencia emitida por el foro de instancia desestimando la reclamación el 5 de marzo de 2004. Sin embargo, en ningún momento se comunicó con la señora Rolón Deliz y los demás co-demandantes para notificarles lo ocurrido. No fue hasta que la propia señora Rolón Deliz acudió al tribunal en busca de información que ésta logró conocer el resultado del caso.

Claramente, la conducta de Montes Fuentes no se ajustó a los estándares exigidos por el mencionado Canon 19, *supra*. Al no mantener a sus clientes informados del desarrollo del caso, Montes Fuentes les impidió conocer oportunamente sobre la desestimación decretada por el foro primario. Ya anteriormente hemos afirmado que, dictada una sentencia en un caso que pone fin parcial o totalmente a la causa de acción, es obligación del abogado informar a su cliente sobre lo acaecido. In re Colón Morera, res. 23 de agosto de 2007, 2007 TSPR 157. Por tanto, no cabe duda que

Montes Fuentes incurrió en violación al deber de información contemplado en el Código de Ética Profesional, *supra*, con la grave consecuencia de que no puso a sus clientes en posición de determinar si deseaban ejercer su derecho a solicitar revisión judicial.

IV

Al determinar la sanción disciplinaria que se le debe imponer a un abogado que ha incurrido en conducta reñida con los cánones de ética profesional, hemos tomado en consideración los siguientes factores: (i) la buena reputación del abogado en la comunidad; (ii) su historial previo; (iii) si ésta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) resarcimiento al cliente; y (vii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien en los hechos del caso. Véase <u>In re Mulero Fernández</u>, *supra*.

En el caso de autos, resulta evidente que se configura la circunstancia agravante de que la señora Rolón Deliz y los demás co-demandantes resultaron seriamente perjudicados por la falta de diligencia y celo profesional exhibido por Montes Fuentes en el manejo del caso encomendado. Igualmente, nos encontramos con el agravante de que Montes Fuentes, no sólo ha negado su responsabilidad por lo ocurrido, sino que ha intentado responsabilizar a sus

clientes por faltas claramente imputables a su persona. Asimismo, y precisamente por la falta de aceptación de las faltas cometidas, Montes Fuentes no ha mostrado arrepentimiento alguno por los daños ocasionados. A su vez, es de notar que Montes Fuentes no ha intentado siquiera resarcir a la señora Rolón Deliz y los demás co-demandantes aún cuando existe una reclamación en su contra con miras a lograr dicho resultado.

Finalmente, somos del criterio que constituye un notable agravante en este caso el hecho de que las faltas cometidas por Montes Fuentes parecen responder a un patrón de conducta displicente. Éste, tras acoger el caso de la señora Rolón Deliz no emplazó a los demandados, no presentó moción de prórroga, no solicitó nuevos emplazamientos oportunamente, no recurrió de la determinación adversa y no les notificó lo ocurrido a sus clientes. De igual manera, Montes Fuentes se mantuvo incomunicado, al extremo que las cartas que le enviaba el licenciado Medina Colón por correo certificado generalmente no eran reclamadas.

La consideración de los factores señalados en las circunstancias de este caso nos lleva a concluir que, si bien Montes Fuentes no ha sido objeto de medidas disciplinarias en ocasiones anteriores, ha incurrido en conducta que configura numerosos agravantes y que resulta sumamente lesiva a los intereses de sus clientes y a la imagen de la profesión.

V

Por los fundamentos expuestos, concluimos que el Lcdo. Gilbert Montes Fuentes violó los Cánones 18 y 19 del Código de Ética Profesional, *supra*. En consideración a la totalidad de las circunstancias que rodean el caso de autos, se le suspende indefinidamente del ejercicio de la profesión.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del abogado de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Además, deberá certificarnos en treinta (30) días del cumplimiento de estos deberes.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Gilbert G. Montes Fuentes          CP-2007-3      Conducta
                                                  Profesional

SENTENCIA

San Juan, Puerto Rico a 30 de septiembre de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, concluimos que el Lcdo. Gilbert Montes Fuentes violó los Cánones 18 y 19 del Código de Ética Profesional, *supra*. En consideración a la totalidad de las circunstancias que rodean el caso de autos, se le suspende indefinidamente del ejercicio de la profesión.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del abogado de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Además, deberá certificarnos en treinta (30) días del cumplimiento de estos deberes.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo